UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDER SIERRA SOTO,<br><br>                Petitioner,<br>    v.<br><br>PAMELA BONDI et al.,<br><br>                Respondents. | CASE NO. 2:26-cv-00652<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

Petitioner Sander Sierra Soto filed a petition for writ of habeas corpus seeking release from confinement.  (Dkt. No. 1.)  Petitioner also moves for a temporary restraining order ("TRO") preventing his removal from the United States and transfer to a detention facility outside of this District while these proceedings are pending.  (Dkt. No. 2.)

The Petition and the motion assert Petitioner entered the United States on May 31, 2022 and was released on parole under 8 U.S.C. § 1182(d)(5)(A) on June 7, 2022.  (Dkt. No. 1 at 3–4.) Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal on May 25, 2023; it was denied on June 10, 2025 based on what Petitioner asserts is an invalid Order of

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF
PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2) - 1

Expedited Removal.  (*Id*. at 4.)  On October 9, 2025, Petitioner reported for an ICE check-in and had an ankle monitor placed on him.  (*Id*.)  Petitioner was then detained at an ICE check-in on January 15, 2026.  (*Id*.)  Petitioner has been detained at Northwest Immigration & Customs Enforcement Processing Center ("NWIPC") since.  (*Id*.)  Petitioner had a credible fear interview on January 30, 2026.  (*Id*.)  Petitioner's claim for relief from removal was denied because "his fear did not have a nexus to a proper legal ground."  (*Id*. at 5.)  The Immigration Court upheld the negative credible fear finding on February 10, 2026.  (*Id*.)  Petitioner's wife has filed a Form I-130 Petition for Alien Relative on his behalf; it remains pending.  (*Id*.)

Petitioner argues his detention violates the Due Process Clause of the Fifth Amendment because "[R]espondents violated their own regulations in revoking parole" and because the detention "is not reasonably related to a legitimate government purpose."  (*Id*.)  Counsel asserts Petitioner has been taken to the area of NWIPC where "detainees are taken when they are about to be removed or transferred," and "[b]ased on this information, [counsel] believe[s] that the petitioner will be transferred or removed tonight, likely around 3:00 a.m., unless this Court issues an emergency TRO."  (Dkt. No. 2-1 at 2.)

Counsel for Petitioner asserts she planned to immediately "inform Respondent's counsel of this motion via email" after it was filed.  (*Id*. at 3.)  Respondents have not entered an appearance nor responded to Petitioner's motion.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

1. Petitioner's motion for temporary restraining order (Dkt. No. 2) is *provisionally* GRANTED pending Respondents' response to the motion.  This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Petitioner's counsel SHALL immediately serve process and a copy of the petition and this Order on Respondents.  Petitioner's counsel SHALL immediately contact Respondents' counsel at USAWAW.ImmigrationHabeasService@usdoj.gov to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.  **It is the Court's preference that the Parties agree to the standard scheduling order pursuant to Court's General Order 10-25.**

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF
PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2) - 3

5.  The Parties SHALL contact the courtroom deputy for the judge ultimately assigned this matter by email in the event they do not agree on a briefing schedule and they wish to schedule oral argument on the motion for TRO.

Dated this 23rd day of February, 2026 at 9:50 p.m.

David G. Estudillo
United States District Judge

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF
PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DKT. NO. 2) - 4