UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDER SIERRA SOTO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, KRISTI NOEM, TODD LYONS, LAURA HERMOSILLO, BRUCE SCOTT,<br><br>　　　　　　　Respondents. | CASE NO. 2:26-cv-00652-BAT<br><br>**TEMPORARY RESTRAINING ORDER** |

　　　　Before the Court is Petitioner Sander Sierra Soto's Motion for Temporary Restraining Order requesting the Court enjoin Respondents from (1) transferring Petitioner away from the his current detention facility to any other facility during these proceedings or (2) removing Petitioner from the United States during these proceedings. Dkt. 2. For the following reason, the Court **GRANTS** the motion.

　　　　Petitioner is a 37-year-old citizen of Colombia who is currently being held in detention by U.S. Immigration and Citizenship Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC). Dkt. 1 at ¶ 1. He entered the United States in May 2022. He was processed for expedited removal and issued a Notice and Order of Expedited Removal which appears unsigned. Dkt. 1-4 at 1; Dkt. 12-1 at 2. After a custody redetermination, Petitioner was detained

TEMPORARY RESTRAINING ORDER - 1

and released on humanitarian parole in June 2022 under 8 U.S.C. § 1182(d)(5)(A). *Id.* at ¶ 16–17.

It is undisputed that Petitioner complied with all conditions of release. *Id.* at ¶ 18. In October 2025, while paroled, Petitioner was placed on an order of release on recognizance (OREC) and re-enrolled in the Alternatives to Detention program with reporting requirements. Dkt. 10 at 5. ICE cancelled his OREC and detained him at his January 15, 2026 check-in and he has been in custody since then. *Id.* at ¶ 24. After a credible fear interview, USCIS determined Petitioner had not established a credible fear of persecution; an immigration judge affirmed that decision. Petitioner filed this motion for temporary restraining order to enjoin his transfer or removal, alleging his transfer was imminent. The Court provisionally granted a temporary restraining order pending a response from the government. Dkt. 3.

Respondents argue 8 U.S.C. § 1252(g) strips the Court of jurisdiction because the claim arises from the government's decision to commence removal proceedings and that 8 U.S.C. § 1252(b)(9) bars review of Petitioner's claims because his claims challenge an "action taken … to remove an alien from the United States." However, Petitioner does not seek review of the government's decision to commence removal proceedings or to take action to remove him; he seeks judicial review of his re-detention by ICE without notice and an opportunity to be heard. The Court finds it has jurisdiction to hear this claim. *See, e.g.*, *Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295 (W.D. Wash. Nov. 25, 2025).

A party requesting a TRO must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

|   |   |
|---|---|
| 1 | As to the first factor, Petitioner contends he is likely to succeed on the merits of his claim |
| 2 | that his re-detention is in violation of due process because he possesses a liberty interest in |
| 3 | continued freedom from detention. The Court agrees. Petitioner was released into the United |
| 4 | States on humanitarian parole and spent over three years living in the United States, is married to |
| 5 | a U.S. citizen and has an I-130 petition pending with USCIS. He has a substantial interest in |
| 6 | remaining free. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025). The fact that |
| 7 | he was initially placed in expedited removal proceedings and given an unsigned order of |
| 8 | expedited removal does not eliminate the government's obligation to detain him in compliance |
| 9 | with the requirements of due process. Moreover, the Court finds it likely that the risk of |
| 10 | erroneous deprivation of that liberty interest will prove to be high. The government cannot |
| 11 | confirm whether it provided Petitioner with the written notice of termination of his parole |
| 12 | required by 8 C.F.R. § 212.5(e)(2)(i). Though Petitioner's OREC states it was cancelled because |
| 13 | "[t]he alien failed to comply with the conditions of release," Dkt. 12-3 at 2, nowhere does the |
| 14 | government explain what condition of release Petitioner violated. Nor does the government |
| 15 | present any reason to believe Petitioner is a flight risk or a danger to the community. There is no |
| 16 | indication he has a criminal record. Petitioner is not aware of anything he did to violate the |
| 17 | OREC. Under these circumstances, Petitioner's likelihood of success on the merits of his claim is |
| 18 | significant. *See, e.g.*, *Noori*, 807 F. Supp. 3d 1146 at 1166 (finding petitioner's due process rights |
| 19 | were violated where he was released on humanitarian parole and re-detained for no apparent |
| 20 | reason). |
| 21 | Second, the Court finds Petitioner faces irreparable harm if transferred away from the |
| 22 | NWIPC or removed. The harm is not speculative. Petitioner's motion for TRO states his wife |
| 23 | received two phone calls from him on the afternoon of February 23 informing her that he had |

been taken to the intake area of the detention center, that ICE told him he was "getting on a plane" tonight, and that his account had been zeroed out, all signs that transfer or removal would occur imminently. The government does not dispute this, but contends Petitioner does not face irreparable harm because he is lawfully subject to expedited removal and will be subject to removal regardless of the outcome of the habeas proceeding. The government conflates likelihood of success with irreparable harm. The harm Petitioner seeks to prevent is his transfer or removal pending this proceeding, which would interrupt his access to counsel and to his family and impede this litigation. That harm would indeed be irreparable if it occurred, regardless of the ultimate outcome of the litigation.

The last two *Winter* factors, the balance of equities and the public interest, merge when the Government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). This factor favors Petitioner because it is in the public interest to ensure litigants' uninterrupted access to the courts and because Respondents will suffer little or no harm by delaying Petitioner's removal until the conclusion of this litigation. Accordingly, the final two *Winter* factors favor Petitioner, and the balance of hardships factor tips sharply in his favor.

For the foregoing reasons, it is **ORDERED**:

1. The government and Respondents are **PROHIBITED** from transferring Petitioner from the Northwest ICE Processing Center in Tacoma, Washington to any other facility without further order of this Court.

2. The government and Respondents are **PROHIBITED** from removing Petitioner from the United States without further order of this Court.

3. This Order will expire 14 days from its entry. The Court will entertain a motion to convert the temporary restraining order into a preliminary injunction.

TEMPORARY RESTRAINING ORDER - 4

1 | DATED this 5th day of March, 2026.

*[signature]*

BRIAN A. TSUCHIDA
United States Magistrate Judge

TEMPORARY RESTRAINING ORDER - 5