UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDER SIERRA SOTO,

                    Petitioner,

      v.

PAMELA BONDI, KRISTI NOEM, TODD LYONS, LAURA HERMOSILLO, BRUCE SCOTT,

                    Respondent.

CASE NO. 2:26-cv-00652-BAT

**ORDER GRANTING HABEAS PETITION IN PART AND DIRECTING RELEASE**

Immigration detainee Sander Sierra Soto petitions the Court under 28 U.S.C. § 2241 for an order (1) immediately releasing him from detention; (2) enjoining his re-detention unless the government have executable travel documents to remove him from the United States and providing him with notice and a meaningful hearing before detaining him; (3) awarding attorney fees and costs; (4) granting such other and further relief as may be just and reasonable. Dkt. 1 (petition) at 6. Petitioner has also filed a motion to convert the temporary restraining order[1] to a preliminary injunction seeking to prohibit Petitioner's transfer or removal pending the outcome of the habeas corpus action. Dkt. 20.

---

[1] The Court previously granted Petitioner's motion for temporary restraining order prohibiting Petitioner's transfer or removal from country for fourteen (14) days. Dkt. 14. The order was subsequently extended twice, ultimately until April 17, 2026. Dkts. 19, 20.

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 1

## BACKGROUND

Petitioner is a native and citizen of Colombia. Dkt. 11 (Decl. of Deportation Officer Ian Bloom ("Bloom Decl.") ¶ 3. On or about May 31, 2022, U.S. Customs and Border Protection ("CBP") apprehended Petitioner near the Eagle Pass International Port of Entry after crossing the Rio Grande River near Eagle Pass, Texas. *Id.* at ¶ 4. CBP processed Petitioner for expedited removal. *Id.* The Government[2] presents a copy of a Form I-860 titled "Notice and Order of Expedited Removal." Dkt. 12-1, Ex. A, ("Notice and Order of Expedited Removal"). In the top section of the form designated "Determination of Inadmissibility", the form states that:

> Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a)[(7)(A)(i)(I)] of the Act, as amended, and therefore are subject to removal, in that: … You are an immigration not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; to wit, you illegally entered the United States by swimming across the Rio Grande River near the Eagle Pass, Texas Port of Entry 1 on May 31, 2022, with the intention of going to Florida to reside and seek employment.

Dkt. 12-1, Ex. A ("Notice and Order of Expedited Removal"). This section of the form is dated June 1, 2022, and is signed by Border Patrol Agent Mathieu Benoit. *Id.* The bottom half of the form designated "Order of Removal Under Section 235(b)(1) of the Act" states:

> Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

*Id.* This section of the form is not signed by an immigration officer or supervisor, despite there being signature lines, nor is the section titled "Certificate of Service" completed. *Id.* There is a second page with a section for acknowledgement of receipt by the noncitizen which is signed,

---

[2] The Court hereinafter refer to Respondents collectively as "the Government."

but this page is not dated making it unclear whether and when this document was served on Petitioner. *Id.*

On June 6, 2022, U.S Department of Homeland Security ("DHS") conducted a custody redetermination for Petitioner under *Fraihat v. ICE*, 16 F.4th 613 (9th Cir. 2021) (litigation concerning COVID-19 detention procedures). Dkt. 11 (Bloom Decl.) at ¶ 5. Two days later, Petitioner tested positive for COVID-19. *Id.* at ¶ 6.

The record reflects that Petitioner was served with a "Notice of Custody Determination" dated June 7, 2022, stating "Pursuant to the authority contained in section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and Part 236 of Title 8 , Code of Federal Regulations, I have determined that pending a final administrative determination in your case, you will be: … Released  … under other conditions." Dkt. 16-2 at 2. The record also reflects that on June 7, 2022, a Form I-831 was served on Petitioner (containing Petitioner's signature acknowledging receipt) which advises him that "the Notice to Appear, Form I-862, issued to you will be filed with the Office of Immigration Judge at Miami, FL." Dkt. 16-8.

The record also contains a document dated and served on Petitioner on June 7, 2022, titled "Interim Notice Authorizing Parole" which states that ICE has decided to parole him from custody "pursuant to the authority under section 212(d)(5)(A) [8 U.S.C. 1182(d)(5)(A)] of the Immigration and Nationality Act." Dkt. 12-2. It states that the parole authorization is valid for one year. *Id.* The Government represents that Petitioner was also subject to Alternatives to Detention ("ATD") and reporting requirements. Dkt. 11 (Bloom Decl.) at ¶ 7.

On June 12, 2023, Petitioner filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* at ¶ 9. However, on June 10, 2025, USCIS administratively closed the application on the grounds that DHS records indicated Petitioner had been placed in

expedited removal proceedings. *Id.* at ¶ 10; Dkt. 1-3 (Notice of Dismissal of Form I-589).

On October 9, 2025, Petitioner was placed on an Order of Release on Recognizance ("OREC") and re-enrolled in ATD with reporting requirements. *Id.* at ¶ 11; Dkt. 12-3, Ex. D, OREC. The OREC states that "[y]ou have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with … [various] conditions [including enrolling and participating in ATD]." *Id.*

On January 15, 2026, ICE cancelled Petitioner's OREC when he reported to the ICE office, on the grounds that Petitioner had "failed to comply with the conditions of release" and he was taken into custody. Dkt. 11 (Bloom Decl.) at ¶ 12; Dkt. 16, Ex. G (Form I-213), Ex. H, (Warrant for Arrest), Ex. I (Notice of Custody Determination), Ex. J (Cancelled OREC).

USCIS conducted a credible fear interview of Petitioner on January 30, 2026. Dkt. 11 (Bloom Decl.) at ¶ 13. Ultimately, USCIS determined that Petitioner had not established a credible fear of persecution. *Id.* Petitioner requested that the determination be reviewed by an immigration judge. *Id.* at ¶ 14.

On February 20, 2026, an immigration judge conducted a hearing to conduct a review of USCIS's negative credible fear determination. *Id.* at ¶ 15. At the conclusion of the hearing, the immigration judge affirmed USCIS's negative fear determination and returned the case to DHS for Petitioner's removal. Dkt. 11 (Bloom Decl.) at ¶ 15; Dkt. 12-4, Ex. D (Order).

On February 23, 2026, Petitioner filed the instant habeas corpus petition. Dkt. 1.

On March 4, 2026, ICE served Petitioner with the Notice and Order of Expedited Removal with the top "Determination of Inadmissibility" section dated June 1, 2022, but the

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 4

bottom "Order of Removal Under Section 235(b)(1) of the Act" section dated March 4, 2026, and signed by a deportation officer and a supervisory deportation officer. Dkt. 16., Ex. K, (Notice and Order of Expedited Removal).

**DISCUSSION**

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 8 U.S.C. § 2241(c).

**A.     Detention under 8 U.S.C. § 1226 versus 8 U.S.C. § 1225**

The Government argues Petitioner is detained under 8 U.S.C. § 1225(b)(1) making detention mandatory.

Under 8 U.S.C. § 1226, the government has significant discretion with respect to noncitizens[3] who are "detained pending a decision on whether the [noncitizen] is to be removed from the United States." As long as the detained noncitizen does not meet the requirements for detention under § 1226(c), the Attorney General may release the noncitizen on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Release is proper where the noncitizen "satisfies

---

[3] The Court uses the term "noncitizen" as equivalent to the term "alien" that is used in the statute. *See Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 5

[the government] that he will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." § 1226(a)(4).

If a noncitizen wishes to contest the initial custody determination — the denial or amount of bond, they have a statutory right to do so before an immigration judge. 8 C.F.R. § 1236.1(d)(1); *see Rodriguez v. LaRose*, No. 3:25-CV-02940-RBM-JLB, 2025 WL 3456475, at *4 (S.D. Cal. Dec. 2, 2025) (differentiating between mandatory detention under § 1225 and discretionary detention under § 1226).

Under 8 U.S.C. § 1225, there are two categories of "applicants for admission"— noncitizens who "arrive[ ] in the United States," or are "present" in the United States but have "not been admitted." 8 U.S.C. § 1225(a)(1). First, applicants who are covered by § 1225(b)(1) and second, applicants who are covered by § 1225(b)(2). *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1225(b)(1), applies to, among others, noncitizens initially determined to be inadmissible because of fraud, misrepresentation, or lack of valid documentation. *Id.* (citing § 1225(b)(1)(A)(i)). Section 1225(b)(2) is broader and "serves as the catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)" (with specific exceptions). *Id.* at 287-88 (citing §§1225(b)(2)(A), (B)).

"Normally, noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)). But, where a noncitizen "indicates either an intention to apply for asylum ... or a fear of persecution," the inspecting immigration officer must refer that noncitizen for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). Thereafter, if the asylum officer determines that the noncitizen has a credible fear of persecution, then the

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 6

noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112. But if the officer determines the noncitizen does not have a credible fear of persecution, the officer "shall order the [noncitizen] removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(III). The officer's decision may be appealed by the noncitizen to an immigration judge, who must conduct the review "to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the determination." 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

The Supreme Court in *Jennings* has held "1225(b)(1) mandates detention 'for further consideration of the application for asylum,' § 1225(b)(1)(B)(ii), and § 1225(b)(2) requires detention 'for a [removal] proceeding,' § 1225(b)(2)(A). The plain meaning of those phrases is that detention must continue until immigration officers have finished 'consider [ing]' the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, § 1225(b)(2)(A)." 583 U.S. at 299.

Applicants for admission are subject to mandatory detention and may only be released on parole "on a case-by-case basis for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A)' *Jennings*, 583 U.S. at 287. The implementing regulations include another requirement for parole under 8 U.S.C. § 1182(d)(5)(A): the noncitizen must "present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). "Thus, if a noncitizen has been granted parole, it means that a [Department of Homeland Security] DHS official with authority determined that there were either 'urgent humanitarian reasons' or 'significant public benefit' justifying the parole of that individual, and that the individual did not pose a security or flight risk." *Zavorin v. Wamsley*, No. 2:26-CV-00173-DGE, 2026 WL 309733, at *2 (W.D. Wash. Feb. 5, 2026).

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 7

The Government argues that Petitioner is detained under 8 U.S.C. § 1225(b)(1) because he was placed in expedited removal proceedings on or about the time of his arrival in the United States.

In making the determination as to which detention statute applies to noncitizens apprehended at or about the time of arrival to the country, released, and later apprehended again, the government's treatment of the petitioner seeking habeas relief is "particularly relevant" and where a petitioner has been "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Del Valle Castillo v. Wamsley*, 25-cv-02054-TMC, 2025 WL 3524932 at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025).

The record shows Petitioner was initially placed in expedited removal proceedings in June 2022 but was not referred for a credible fear interview and was instead placed on parole under 8 U.S.C. § 1182(d) for one year shortly thereafter. The record also reflects that at or about the time Petitioner was released he was served a Form I-831 advising him that the Notice to Appear, Form I-862, issued to him would be filed in the immigration court – indicating an intent to place Petitioner in full removal proceedings instead of expedited proceedings – though there is no evidence a Notice to Appear was ever filed in immigration court.

On October 9, 2025, Petitioner was placed on an OREC which states that "[y]ou have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with … [various] conditions [including enrolling and participating in ATD]." *Id.*

Petitioner was subsequently re-detained when he appeared for a scheduled check-in

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 8

without notice or the opportunity to be heard, nominally on the grounds that he had violated the terms of his release. The record shows the warrant issued for Petitioner's arrest on January 15, 2026, was also issued pursuant to Section 236 of the Immigration and Nationality Act (8 U.S.C. § 1226). Dkt. 16-4.

The Court finds that the circumstances of this case, including the failure to refer Petitioner for a credible fear interview or otherwise pursue expedited removal for several years, Petitioner's release on an OREC and issuance of the arrest warrant pursuant to § 1226, reflect the Government treated Petitioner as subject to 8 U.S.C. § 1226(a) and that he was subject to that statute when he was re-detained. Release under an OREC is authorized under § 1226(a)(2)(B) and use of a warrant issued under § 1226(a) is further evidence of detention under § 1226(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC was detained and released under § 1226); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) ("Release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under section 1182(d)(5)(A) but rather a form of 'conditional parole' from detention upon a charge of removability, authorized under section 1226."); *J.U. v. Maldonado*, 805 F. Supp. 3d 482, 493 (E.D.N.Y. 2025) ("[T]he use of a warrant in March 2024 to arrest and detain Petitioner is further evidence that Petitioner could only be detained pursuant to § 1226(a)."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. Aug. 13, 2025) ("Respondents' own exhibits unequivocally establish that [the petitioner] was detained pursuant to Respondents' discretionary authority under § 1226(a). The warrants for [the petitioner's] respective arrests in 2023 and 2025 explicitly authorized those arrests pursuant to 'section 236 of the Immigration and Nationality Act'—i.e., § 1226.").

Because the Government has treated Petitioner as subject to § 1226(a), it cannot then

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 9

simply re-detain Petitioner as mandatorily detained based on the expedited removal proceedings. *See Quinteros Moran v. Joyce*, No. 25 CIV. 9645 (GBD), 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025) (Finding petitioner detained under § 1226(a) where expedited removal proceedings were initially commenced but petitioner was subsequently released and "after years of the Government neglect[ing] any authority it may have possessed under § 1225(b) and consistently appl[ying] § 1226(a) …it cannot now turn back the clock, and neither can the Court.") (internal quotation and citation omitted).

The Court also notes Petitioner has now been in the country for more than two years. *See* 8 U.S.C. § 1225(b)(1)(iii)(II) ("An alien described in this clause is an alien … who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.").

Accordingly, the Court finds that when Petitioner was re-detained, he was subject to 8 U.S.C. § 1226(a) and was entitled to notice of re-detention and a hearing before re-detention to challenge detention. The subsequently signed expedited removal order, dated March 4, 2026, did not exist at the time of re-detention. *See* 8 U.S.C. §§ 1252(a)(2)(A), (e) ("no court shall have jurisdiction to review" an expedited removal with the exception of three issues: "whether the petitioner is an alien"; "whether the petitioner was ordered removed" under an expedited removal order; and whether the petitioner can prove that he or she has lawful status in the United States as an asylee, refugee, or permanent resident.).

**B.    Due Process**

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 10

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

The Ninth Circuit in *Rodriguez Diaz v. Garland* assumed without deciding that the *Mathews* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). And district courts have since applied the *Mathews* test in similar circumstances. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–21 (W.D. Wash. 2025); *Zavorin*, 2026 WL 309733, at *2.

Determining whether a governmental action violates "the specific dictates of due process generally requires consideration of three distinct factors" under *Mathews*: The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. at 335.

Regarding the first factor, the Court rejects the notion that Petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings. *See*

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 11

*Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). And "individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093, No. 2:25-cv-00647-DJC-DMC, (E.D. Cal. Mar. 3, 2025); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *E.A. T.-B.*, 795 F. Supp. 3d at 1320–21. The first factor weighs in Petitioner's favor.

The Government argues that because Petitioner is detained under § 1225, they may re-detain him at any time. The argument fails. Petitioner is detained under § 1226, not § 1225. Furthermore, despite the documentation Petitioner's OREC was cancelled because Petitioner violated the conditions of his release there is no evidence of record that Petitioner violated any conditions of his release. The Government's argument the OREC was properly cancelled on January 15, 2026, because Petitioner was subject to an expedited removal order is also not supported by the record, because the record shows the order was not executed until after Petitioner was re-detained. Further, there is no evidence Petitioner committed criminal acts after he came into the country, or absconded immigration supervision. The Court finds the second *Mathews* factor weighs in favor of Petitioner.

And lastly the Court finds the Government's interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F.Supp.3d at 1323-24 citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963,

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 12

970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and all of the *Mathews* factors weigh in his favor. The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.B*, 795 F.Supp.3d at 1324.

Petitioner asks the Court to find re-detention automatically and always violates due process without notice and a meaningful hearing before detaining him. But, as discussed above, a material change in circumstances could arise that justifies Petitioner's re-detention, and thus the Court rejects Petitioner's request.

**CONCLUSION**

The Court **ORDERS**:

(1) The petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

(2) Petitioner's re-detention violated Due Process. The Government shall immediately release Petitioner from immigration detention within 24 hours of this order on the same conditions of his most recent OREC. The Government shall file a certification within 48 hours of this order that Petitioner has been released.

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 13

(3) The Government shall provide Petitioner with written pre-detention notice and an afford him a hearing **unless** detention is statutorily mandatory.

(4) At any re-detention hearing, the Government shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

(5) Petitioner's motion for preliminary injunction (Dkt. 20) is DENIED as moot.

(6) The Court will entertain a motion for attorney fees and costs. Any motion for fees and costs shall be filed within the time set by the EAJA statute and shall be noted under Local Rule 7(d)(3).

DATED this 10th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING RELEASE - 14